IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Sparkle Sinkfield, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| National Credit Systems, Inc., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*

## PARTIES

1. Plaintiff, Sparkle Sinkfield, is a natural person who resides in Troup County, Georgia.

2. Defendant, National Credit Systems, Inc., is a corporation formed under the laws of the State of Georgia and registered to do business in Georgia.

1

Defendant may be served with process via its registered agent, C T Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in Atlanta Division because the Defendant maintains a registered agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of a apartment lease and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant's principal business is the collection of consumer accounts for its commercial benefit. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Plaintiff attempted to get her financial affairs by contacting her creditors and gathering information so she could prioritize her payments to creditors in order to get out of debt and raise her credit score.

13. In December of 2020, Plaintiff called Defendant in response to an account which was reporting on her credit report.

14. During the course of the call, Defendant told Plaintiff that her account would stay on Plaintiff's rental history forever and that she would always owe the debt.

15. Plaintiff interpreted the phrase "rental history" to mean any background check or credit review required for her to obtain housing.

16. Credit reporting by the Defendant is governed by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the FCRA).

17. The FCRA mandates that consumer credit information may be reported for only seven (7) years from the date of first delinquency. 15 U.S.C. § 1681c(a)(4).

18. Defendant's statement that Plaintiff would have to pay the account for the account to be deleted from Plaintiff's rental history was a false, deceptive, and misleading communication which implied that the account would stay longer than the seven years allowed by the FCRA.

19. Defendant's statement that Plaintiff would have to pay the balance of the account for the account to be deleted from Plaintiff's rental history was a false, deceptive, and misleading communication which threatened to report the account for longer than the seven years allowed by the FCRA.

20. Defendant's representations were designed to mislead Plaintiff to believe that she needed to pay the accounts in full in order to have her rental history updated.

21. Defendant's statements that Plaintiff would always owe the debt was a misrepresentation of the legal status of the debt, as the debt is subject to a statute of limitations of six years under Georgia law.

22. Defendant's conduct contained communications which were false, misleading, and deceptive in connection with the collection of a debt.

23. Plaintiff was misled by Defendant's false statements.

24. Plaintiff suffered anxiety and worry that her debt would stay on her rental history forever and that she would owe the debt forever.

25. Plaintiff suffered anxiety and worry that if this debt remained on her rental history forever, it would interfere with her ability to obtain housing and shelter throughout her life.

26. Plaintiff suffered her anxiety and worry as a direct result of Defendant's false statements.

27. Plaintiff took time out of her day to seek legal counsel as to whether the statements made by Defendant were true.

28. Defendant's misinformation interfered with Plaintiff's ability to organize her financial affairs.

## **INJURIES-IN-FACT**

29.    The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

30.    An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

31.    Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

32.    Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

33.    Defendants acts and omissions caused particularized harm to the Plaintiff in that she was suffered worry and anxiety that these debts would remain

on her credit report forever and that she would owe the debt forever, and took time to discuss her debt with counsel in response to the false statements.

34. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

35. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry due to concerns that she might suffer negative credit reporting until the debt was paid off entirely.

## CAUSES OF ACTION

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692** *et seq.*

36. Plaintiff incorporates by reference paragraphs 1 through 35 as though fully stated herein.

### *Violations of 15 U.SC. § 1692e and its subparts*

37. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

38. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

39. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

40. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

41. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

42. Defendant's statements were false and misleading statements about the legal requirements to remove negative accounts from credit reports, including any rental history, after seven years.

43. Defendant's statements were threats to take action which it had no legal right to do, which is report a debt for longer than seven years.

44. Defendant's statements were false and misleading statements about the legal requirements to update information to maintain accuracy in the information defendant reports to credit bureaus.

45. Defendant's false statements about the credit reporting of Plaintiff's debt caused Plaintiff anxiety and worry and required Plaintiff to seek legal counsel about Defendant's false statements.

46. Defendant's statements that Plaintiff would owe the debt forever were false and misleading statements about how long the Defendant could legally take action to collect the debt.

47. Defendant's communications were in violation of 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(8), and e(10) among others.

48. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## **TRIAL BY JURY**

49. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k and

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 17th day of February, 2021.

        **BERRY & ASSOCIATES**
        */s/ Matthew T. Berry*
        Matthew T. Berry
        Georgia Bar No.: 055663
        *matt@mattberry.com*
        2751 Buford Highway, Suite 600
        Atlanta, GA 30324
        Ph. (404) 235-3300
        Fax (404) 235-3333

        */s/ Chris Armor*

Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 451328
Atlanta, GA 31145
Phone 470-990-2568
Fax 404-592-6102
*chris.armor@armorlaw.com*
Plaintiff's Attorneys